UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>CAFE FUNCHAL, INC.<br><br>           Debtor. | )<br>)<br>)   Chapter 11<br>)<br>)   Case No. 11-12239<br>)<br>) |

**DEBTOR'S MOTION FOR AUTHORITY TO USE OF CASH COLLATERAL AND
FOR ADEQUATE PROTECTION
[EMERGENCY DETERMINATION REQUESTED]**

Debtor Cafe Funchal, Inc. (the "Debtor"), by and through its proposed counsel, Madoff & Khoury LLP, hereby moves this Court for entry of an order pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, and MLBR 4001-2, authorizing the use of cash collateral of, and granting adequate protection to, the U.S. Small Business Administration ("SBA") and Millennium bcpbank ("BCP") the Debtor's secured lenders. **As set forth below, in order to avoid immediate and substantial harm to its business, the Debtor will need to pay certain ongoing expenses, including payroll as soon as possible after the Petition Date. Accordingly, pursuant to MLBR 9013-1(h), the Debtor has filed concurrently herewith a Motion for Emergency Determination of Certain First Day Motions (the "Emergency Motion") by which it seeks, <u>inter</u> <u>alia</u>, emergency consideration of this motion by no later than March 23, 2011.** In support of this Motion, the Debtor respectfully represents:

### I. Jurisdiction

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 361 and 363(b) of the Bankruptcy Code.

### II. Introduction

2. On March 18, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

3. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its businesses and financial affairs as a debtor-in-possession. No creditors' committee has yet been appointed in this case.

### III. Background

4. The Debtor owns and operates an upscale family restaurant in New Bedford, Massachusetts (the "Restaurant"). The Restaurant, which began as a small catering business in the early 90's, grew rapidly and enjoyed overwhelming success through the early part of this decade. In 2006, the Debtor, through its affiliate Cafe Funchal Real Estate, LLC ("Funchal Real Estate"), purchased and rehabilitated a building located at 123 Church Street, New Bedford, MA (the "Building"), out of which the Restaurant now operates. The Debtor currently has over 60 employees. In 2010 the Debtor had gross sales of $2,679,024.60 and anticipates approximately $640,000.00 in gross receipts over the next 13 weeks.

5. In order to finance the purchase and rehabilitation of the Building, the Debtor obtained loans from the SBA and from Millennium BCP bank, n.a, the predecessor through merger to BCP. The SBA holds a first priority security interest in the Debtor's assets, including

its receivables, inventory and equipment (the "Collateral") and BCP holds a second priority security interest in the Collateral. As of the Petition Date, the Debtor's indebtedness to SBA amounts to approximately $1,601,000.00 and the Debtor's indebtedness to BCP amounts to approximately $1,945,000.00. The current value of the Collateral is approximately $400,000.00, consisting of the restaurant's equipment, furniture, fixtures, food and liquor inventory and a liquor license.

6. As additional collateral, BCP holds a first mortgage and SBA holds a second mortgage on the Building, which is valued at approximately $2,000,000.00.

7. The Restaurant continues to enjoy heavy patronage. However, because the Debtor's debt service on its secured debts is so high, it has fallen behind on its debt service payments, its payroll and meals tax payments, and its payments to unsecured creditors. The Debtor commenced this Chapter 11 proceeding to attempt to reorganize its substantial debt service obligations arising out the purchase and rehabilitation of the Building, to pay the unpaid payroll and meals taxes in the context of a Plan and to pay a dividend to general unsecured creditors. The Debtor believes that by restructuring the debts owed to SBA and BCP, as well as payment of the payroll and meals taxes over the statutorily authorized five year period, it will be able to be successful.

### IV. Basis for Relief Requested

8. Section 363(c)(2) of the Code provides that, absent consent by the secured party, "The trustee (here, the debtor in possession) may not use, sell or lease cash collateral under paragraph (1) of this subsection unless: (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." Section 363(e) of the Code requires that the court condition the use of cash collateral as is necessary to provide adequate

protection to the secured creditor.

    9.    Section 361 of the Code allows for the provision of adequate protection by either making periodic payments or providing a replacement lien to cover any diminution in value of the collateral.

    10.    In the present case, there will be no diminution in the value of the Collateral if SBA and BCP are each granted a replacement lien in the inventory and proceeds therefrom, including accounts receivable. The Debtor anticipates that its sales, and thus its collectables, will remain constant or increase, and that its expenses will decrease. As additional collateral, BCP holds a first mortgage, and SBA holds a second mortgage on the Building, which is believed to be worth approximately $2,000,000.00. Nevertheless, the Debtors would propose to provide both periodic payments and a replacement lien, as follows:

    (a)    the Debtor shall make regular monthly adequate protection payments to SBA in the amount of $7,500.00, which amount is equal to the monthly interest owed to SBA[1]; the Debtor shall grant SBA a continuing first position and BCP a continuing second position replacement lien and security interest in the Debtor's post-petition inventory and proceeds therefrom, including accounts receivable (but not including avoidance actions);

    (b)    the Debtor shall make regular monthly adequate protection payments to BCP in the amount of $12,500.00, which amount is equal to the monthly interest owed to BCP; and

    (c)    the Debtor shall remain within its budget, attached hereto as Exhibit A,

---

[1] This payment will technically be made by Funchal Real Estate, LLC which will receive the funds as rent from the Debtor.

4

within an overall margin of 10 percent.

11.     The foregoing proposal more than adequately protects SBA and BCP.

### VII.     Notice and No Prior Motion

12.     No trustee, examiner, or official committee has been appointed in this Chapter 11 case.  Copies of this Motion, together with copies of a proposed Order hereon and of the Emergency Motion, have been furnished by ECF or overnight mail to: (a) the Office of the United States Trustee for this district; (b) the Debtor's 20 largest unsecured creditors as reflected in the list filed by the Debtor pursuant to Fed. R. Bankr. P. 1007(d); (c) the Internal Revenue Service; (d) the Departments of Revenue and Employment and Training for the Commonwealth of Massachusetts; (e) counsel to SBA; (f) counsel to SBA; and (g) Counsel to BCP.   The Debtor submits that such service constitutes sufficient notice of this Motion, the proposed Order hereon and the relief sought hereunder in the particular circumstances.

13.     No prior request for the relief requested herein has been made to this or any other Court.

## VIII.  Conclusion

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order, in substantially the form attached hereto granting the Motion; and (b) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted this 18th day of March, 2011.

                                          CAFE FUNCHAL, INC.

                                        By its attorneys,

/s/  David B. Madoff
David B. Madoff (BBO#552968)
Steffani M. Pelton (BBO#666470)
MADOFF & KHOURY LLP
124 Washington Street
Foxboro, MA 02035
508-543-0040
madoff@mandkllp.com